UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Colleen Zeller, Debtor(s). | Bankruptcy No. 08 B 17795<br>Chapter 13<br>Judge Manuel Barbosa |
|---|---|

### MEMORANDUM OPINION

This matter comes before the Court on the application for attorney's fees by debtor's attorney Robert V. Schaller ("Schaller") on December 18, 2008, pursuant to 11 U.S.C. § 330(a)(4)(B). For the reasons set forth herein, the Court denies in part and grants in part Schaller's application for fees, thereby reducing the fees to $3600.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### FACTS AND BACKGROUND

Debtor pro se Colleen Zeller ("Debtor") filed a Chapter 13 petition on July 10, 2008. Attorney Schaller began to represent Debtor on July 30, 2008, when he filed an amended petition, amended schedules and SOFA. Schaller also filed a Chapter 13 plan and an amended plan that the Court confirmed on October 28, 2008. Two creditors filed motions for relief from stay. The Court granted one creditor's relief from stay and, after Schaller filed an answer, granted the second creditor's relief from stay. Debtor proposed a 60 month plan with initial payments of $500 for the first 12 months and $927 per month for the remaining 48 months for total payments of $50,496.

1

On December 18, 2008, Schaller filed an application for compensation with an attached itemization. The parties do not dispute the facts. In his attached itemization, Schaller requested $8571.00 for services from July 30, 2008 to November 6, 2008 that totaled 21.7 billable hours at $395.00 per hour.

The Chapter 13 trustee Carolyn Suzie ("Trustee") filed a response to Schaller's application for compensation on January 15, 2009, pursuant to 28 U.S.C. § 330(b)(2)(a). Trustee requests that the Court limit Schaller's fees because Schaller did not utilize a model retention agreement, and, instead, requested excessive total compensation based on a non-customary attorney rate of $395.00 per hour. Trustee also identified inconsistencies in Schaller's itemization, including: (1) an hourly rate of $395 per hour in his application for compensation and itemization compared to $400 per hour in his amended 2016(b); (2) different totals owed by Debtor for attorney services rendered;[1] and (3) discrepancies in Debtor's payments.[2] In addition, Trustee states that Schaller listed unnecessary or excessive billing for time spent on duplicative activities,[3] excessive time at court,[4] lumped entries on Schaller's itemization,[5] and time charged at

---

[1] Schaller listed different totals owed by Debtor for attorney services rendered, including $8571 in his application and itemization, $7550 in the amended 2016(b), $8450 for legal services provided through confirmation of the plan, and a balance of $6026 owed in Schaller's proposed order attached to the application for compensation.

[2] Schaller had discrepancies in Debtor's payments, such as $2450 in the amended 2016(b) compared to $2535 in attachment A.

[3] The following items indicate duplicative activities: August 11, 2008 - 1 hour for in office conference with Debtor and 0.1 hours for correspondence with Debtor; August 18, 2008 - 0.5 hours for four different pieces of correspondence; August 18, 2008 - two entries of 0.1 hours for two emails to Trustee's representative; September 18, 2008 - 0.5 hours for two separate pieces of correspondence to Debtor after a conference with Debtor at the courthouse the same day; and October 23, 2008 - 0.3 hours for correspondence with Debtor and 0.1 hours for phone message to Debtor.

[4] The following four entries, dated July 31, September 3, September 18 and October 23, 2008, indicate excessive time spent in court or at a § 341 meeting because they listed 1.0 hour billable each and included travel time billed at the same rate as the court hearings.

[5] In Schaller's itemization, the following July 30, 2008 entries totaled 5.2 hours and are lumped together as 3.0, 0.7, 1.2 and 0.3 billable hours, which does not allow the Court to assess the correct amount of time for each activity.

2

attorney rates ($395/hour) for paralegal or clerical work.[6] Trustee seeks to reduce Schaller's fees to $3600 from $8571 and decrease the hourly rate from $395/hour to $250/hour and the total billable hours from 21.7 to 14.4. Specifically, Trustee recommends reductions for lumped entries on July 30, 2008 from 5.2 hours to 2.6 hours, for duplicative entries from 2.6 to 1.3 hours, for clerical work of 0.5 hours and for excessive time entries from 5.8 to 2.9 hours.

Schaller has not filed a reply to the Trustee's response.

## DISCUSSION

Local Bankruptcy Rule 5082-2 and General Order 07-02 identify the requirements for the contents of an application for compensation made by a professional, including a debtor's attorney, under a Chapter 13 case. Bankr. N.D. Ill. R. 5082-2; Bankr. N.D. Ill. Gen. Order 07-02. If a debtor's counsel and debtor enter into a Model Retention Agreement, then counsel may apply for a flat fee not to exceed $3500. Bankr. N.D. Ill. R. 5082-2. If the debtor's counsel and debtor have not entered into a Model Retention Agreement, then counsel must include a completed form itemization with the fee application. Ibid. Schaller has fulfilled this requirement with his attached itemization and now the issue is whether the compensation requested is reasonable.

Bankruptcy courts have wide discretion to determine reasonable compensation for actual and necessary services. In re Wildman, 72 B.R. 700, 705 (Bankr. N.D. Ill. 1987). The burden to prove requested costs and fees as actual and necessary rests with the applicant. Id. at 708 (citations omitted).

---

[6] The following items included time billed at attorney rates for paralegal or clerical work : July 30, 2008 - 0.1 hours to correspond with the Court to tender filling fee installment; August 6, 2008 - 0.1 hours to review an email from Linda Wilson at USBC; and August 19, 2008 - 0.3 hours in person payment of filling fee at USBC.

3

Under the Federal Rules of Bankruptcy Procedure 2016, to establish actual and necessary services when an applicant files an application for compensation, an applicant shall submit a detailed statement of the services rendered, time expended and expenses incurred as well as the amounts requested. In re Wildman, supra, 72 B.R. at 707 (citing Fed. R. Bankr. P. 2016). The detailed statement establishes the "actual" requirement, while an accompanying narrative explanation of the "how" and "why" establishes the "necessary" requirement. Ibid.

Section 330 of the Bankruptcy Code governs compensation for services rendered for all professionals, including a debtor's attorney. 11 U.S.C. § 330. Pursuant to 11 U.S.C. § 330(a)(3), courts should consider six factors to determine whether or not to award attorney fees. Section 330 states, in relevant part:

> (a)(3) In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> [11 U.S.C. § 330(a)(3)(A)-(F).]

The plain language of § 330(a)(4)(B) allows compensation for services that benefit the debtor. In re Lee, 209 B.R. 708, 710 (Bankr. N.D. Ill. 1997). It also allows the court to consider the six factors in § 330(a)(3).[7]

Under § 330(a)(3)(A), (D), (E), the Court shall consider time spent, whether services were performed in a reasonable amount of time, and the experience of the person in the field of bankruptcy. Here, Schaller listed duplicate, unnecessary and excessive hours in his itemization, yet, according to Trustee, he routinely handles bankruptcy cases. Schaller listed time for both an office conference and correspondence with Debtor on the same day, and, on four different occasions, he entered time for separate pieces of correspondence to the same people on the same day. In addition, Schaller recorded three court appearances and the § 341 meeting as 1.0 billable hour each, including transportation time. This is an excessive amount of time to bill at the rate of $395 per hour. Schaller also billed services at $395 per hour, rather than at a lower clerical rate, for time spent to pay a filing fee at the Clerk's office and to send two different correspondences to the Court. Moreover, Schaller lumped entries in his itemization that make it unclear how much time was spent on each task. In addition, Schaller listed five duplicative entries to conduct phone calls, review emails or mail correspondence that were included in his 21.7 total billable hours. See Wildman, supra, 72 B.R. at 709.

Pursuant to § 330(a)(3)(B), (F), the Court shall consider the rate charged and whether the rate charged is reasonable based upon customary rates. According to Trustee, the customary attorney compensation for a Chapter 13 case is $250 per hour,

---

[7] Pursuant to the recent 2005 BAPCPA amendments, § 330(a)(3) lays out six factors to consider. Prior to the BAPCPA amendments, section 330 did not include § 330(a)(3)(E), and, thus, courts only considered the five factors now listed in § 330(a)(3)(A)-(D), (F). In re Lee, supra 209 B.R. at 710; In re Wildman, supra, 72 B.R. at 705.

yet Schaller charged $395 per hour. Trustee states that the average Chapter 13 debtor's attorney rate is $250 per hour with a few attorneys that charge $295 per hour. Thus, according to the current customary practices, Schaller's rate of $395 per hour is excessive. In addition, the average flat fee, according to the model retention agreement for the Northern District of Illinois, is $3500. Bankr. N.D. Ill. R. 5082-2. Thus, Schaller's attorney rate of $395 per hour with a total attorney service charge of $8,571.00 is excessive.

The Court shall also consider whether the services rendered were reasonably necessary to move the case to completion under § 330(a)(3)(C). In this case, Schaller filed routine motions, including two Chapter 13 plans and one answer to a creditor's motion for relief from stay. The services listed by Schaller are reasonably necessary to move this case to completion.

Although Schaller filed an itemization in his application for compensation pursuant to the technical requirements of Local Rule 5082-2, he failed to meet five of the six relevant factors under § 330(a)(3). Bankr. N.D. Ill. R. 5082-2. Schaller's hourly attorney rate of $395 is excessive in light of customary rates and in comparison to the model retention agreement. As previously indicated, Schaller's time on certain activities was excessive. Therefore, the Court shall adjust Schaller's application in the following manner: decrease the lumped entries on July 30, 2008 from 5.2 to 2.6 hours; reduce duplicative entries from 2.6 to 1.3 hours; decrease excessive time spent in court and on motions from 5.8 to 2.9 hours; and delete the hours spent on clerical work. The total billable time will decrease from 21.7 to 14.4 hours. The Court shall decrease Schaller's hourly rate from $395 to the customary rate of $250 per hour and compensate Schaller in the amount of $3600 for services rendered.

6

**CONCLUSION**

For the foregoing reasons, the Court denies in part and grants in part attorney Schaller's application for attorney fees. The Court shall reduce Schaller's fees to $3600 for 14.4 billable hours at an hourly rate of $250.

THEREFORE, IT IS ORDERED that the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: March 5, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge